1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WALTER LEE COLE,

11          Petitioner,              No. CIV S-08-0257 MCE GGH P

12      vs.

13   D.K. SISTO, et al.,

14          Respondents.              <u>ORDER</u>

15   _____/

16          Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma

18   pauperis.

19          Examination of the in forma pauperis application reveals that petitioner is unable

20   to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be

21   granted.  <u>See</u> 28 U.S.C. § 1915(a).

22          On February 4, 2008, petitioner filed the original petition.  On February 21, 2008,

23   petitioner filed an amended petition.  Accordingly, the court will screen the amended petition.

24   For the following reasons, the amended petition is dismissed with leave to amend.  <u>See</u> Rule 4,

25   Federal Rules Governing Section 2254 Cases (court may dismiss the petition if it does not state a

26   claim for relief).

1    The amended petition raises five claims.  First, petitioner alleges that the

2  determination by the Board of Parole Hearings (BPH) that "their regulations are reasonably

3  necessary to effectuate the purpose of the statute and other provisions of law that are being

4  implemented, interpreted, and made specific by the regulations are not supported by substantial

5  evidence."  Amended Petition, p. 5.  Petitioner then cites the "petition" for briefing in support of

6  this claim.  Petitioner is apparently referring to the copy of his habeas corpus petition filed in the

7  California Supreme Court attached as an exhibit.  In the petition filed in the California Supreme

8  Court, petitioner argues that the BPH should amend Cal. Code Regs. tit. 15, §§ 2000 and 2400

9  because these regulations are not in compliance with state law.

10    A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis

11  of some transgression of federal law binding on the state courts.  Middleton v. Cupp, 768 F.2d

12  1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983).  It is

13  unavailable for alleged error in the interpretation or application of state law.  Middleton v. Cupp,

14  768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v.

15  Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986).  Habeas corpus cannot be utilized to try state

16  issues de novo.  Milton v. Wainwright, 407 U.S. 371, 377, 92 S. Ct. 2174, 2178 (1972).

17    The Supreme Court has reiterated the standards of review for a federal habeas

18  court.  Estelle v. McGuire, 502 U.S. 62, 112 S. Ct. 475 (1991).  In Estelle v. McGuire, the

19  Supreme Court reversed the decision of the Court of Appeals for the Ninth Circuit, which had

20  granted federal habeas relief.  The Court held that the Ninth Circuit erred in concluding that the

21  evidence was incorrectly admitted under state law since, "it is not the province of a federal

22  habeas court to reexamine state court determinations on state law questions."  Id. at 67-68, 112 S.

23  Ct. at 480.  The Court re-emphasized that "federal habeas corpus relief does not lie for error in

24  state law."  Id. at 67, 112 S. Ct. at 480, citing Lewis v. Jeffers, 497 U.S. 764, 110 S. Ct. 3092,

25  3102 (1990), and Pulley v. Harris, 465 U.S. 37, 41, 104 S. Ct. 871, 874-75 (1984) (federal courts

26  may not grant habeas relief where the sole ground presented involves a perceived error of state

law, unless said error is so egregious as to amount to a violation of the Due Process or Equal Protection clauses of the Fourteenth Amendment).

Petitioner's claim 1 alleges a violation of state law only.  Petitioner does not describe how the at-issue regulations were applied to him in a manner that violated his rights under the United States Constitution.  Accordingly, this claim is dismissed with leave to amend.

In claim 2 of the amended petition, petitioner alleges that the BPH "are not [within] the scope of the authority conferred."  Amended Petition, p. 5.  In support of this claim, petitioner cites the supporting facts for ground 1.  Id.  The court does not understand the legal basis of claim 2.  To the extent petitioner is claiming that the BPH acts in violation of state law, such a claim is not legally cognizable in this action.  If petitioner files an amended petition, he must allege a violation of his constitutional rights.

In claim 3, petitioner alleges that the BPH's "regulations, classifications is/are arbitrary, discriminatory, capricious and without reasonable or rational basis."  Amended Petition, p. 6.  In support of this claim, petitioner states "see supporting facts, ground 1."  The court does not understand the legal basis for this claim.  To the extent petitioner is alleging that the regulations violate state law, such a claim is not legally cognizable in this action.

In claim 4, petitioner alleges that the BPH's regulations altered Penal Code § 190(a) in violation of the 14th Amendment of the Constitution.  Amended Petition, p. 6.  In support of this claim, petitioner again refers to the supporting facts for ground 1.  The court does not understand this claim.  Although couched as a violation of petitioner's constitutional rights, it appears that this claim is really alleging a violation of state law.  Accordingly, this claim is dismissed with leave to amend.

In claim 5, petitioner alleges that "The theoretical studies upon which the Board of Parole Hearings relied upon in adopting the regulations are not consistent with [existing law] and do not comport with the letter or administrative procedure act, Cal. Govt. Code section 1140, et seq."  Because this claim does not allege a violation of petitioner's constitutional rights, it is

1  dismissed with leave to amend.

2        To have standing to raise a constitutional claim, petitioner must allege that his

3  own constitutional rights have been violated.  If petitioner files an amended petition, he must set

4  forth when his rights were violated by identifying, for example, a specific parole suitability

5  hearing where the alleged deprivations occurred.  In addition, if petitioner files an amended

6  petition it is not enough to merely restate his state law claims and then generally allege that his

7  constitutional rights were violated as well.  Petitioner must have a cognizable legal theory for his

8  constitutional claims.

9        Accordingly, IT IS HEREBY ORDERED that:

10       1.  Petitioner's application to proceed in forma pauperis is granted;

11       2.  The amended petition is dismissed with thirty days to file a second amended

12  petition; failure to file a second amended petition will result in a recommendation of dismissal of

13  this action.

14  DATED: 04/25/08

15                /s/ Gregory G. Hollows

16                UNITED STATES MAGISTRATE JUDGE

17

18  cole257.am

19

20

21

22

23

24

25

26

4